## BING v BLAKE

Ohio Appeals, 1st Dist, Hamilton Co

No 5174. Decided Feb 8, 1937

Simeon M. Johnson, Cincinnati, and Robert M. Ochiltree, Cincinnati for appellant.

Joseph L. Meyer, Cincinnati and Benjamin S. Schwartz, Cincinnati for appellee.

## OPINION

By TATGENHORST, PJ.

This cause is heard on appeal on questions of law from the Court of Common pleas of Hamilton county.

Appellant sued on a promissory note in the sum of $15,963.32, dated November, 1924 and payable on or before 3 years.

Across the face of the note appears:— "This note may be paid in equal monthly, quarterly, semi-monthly or annual installments during said three years." Endorsed on the back are four payments, aggregating $5,500.00. Judgment is asked for $17,303.09, with interest on $14,571.02 from July 30, 1935.

Appellee admits the execution and delivery of the note, but denies the amount sought by appellant, and alleges there is due appellant but $10,463.39 for which he offers to confess judgment.

Appellee further alleges that on or about the 13th day of April, 1913, appellant's decedent, Aaron Holberg and appellee purchased jointly an improved piece of real estate in the City of Cincinnati; that subsequent to the execution and delivery of the note Holberg and appellee renewed an agreement between themselves, whereby in consideration of appellee managing and caring for the property, Holberg agreed not to charge any interest on said note after its maturity, and as long as Holberg and appellee owned said property. That appellee in accordance with said agreement and relying upon the terms thereof, proceeded to and did manage said property and devoted the necessary time and attention to it up to the death of Holberg.

The jury returned a verdict for $11,507,-.22.

Appellant contends, among other errors, that the verdict is not sustained by sufficient evidence and is contrary to law; that the trial court erred in its general charge, and also erred in refusing to give certain special charges offered by appellant.

The record shows appellee looked after and managed the property. He collected the rents and at times supervised the collection. He personally made minor repairs, engaged workmen to repair the building and supervised the work.

In 1924, eleven years after the building was purchased, appellee became severely ill. Holberg, realizing he had no written evidence of his loan from appellee, secured from him the note in controversy.

Appellee's witnesses testify that Holberg on several occasions informed them that there was an agreement between him and appellee that Holberg was not to charge appellee interest on the note as long as appellee took care of and managed the property; also that appellee could pay the money back at his convenience.

Other witnesses were mechanics, tenants, contractors and janitors, all of whom testified that appellee personally made minor repairs, collected rents; that he supervised other repairs and collection of rents and that he employed them to do certain work on the building.

Appellant's witnesses testified that Holberg visited the building at times, that he supervised some of the repairs and the collection of certain rentals. Other witnesses testified as to the reasonable value of the

services for the collection of rentals. If the services of appellee were of any value they would furnish consideration for the agreement.

The record further shows that Holberg and the appellee had been partners for 35 years prior to Holberg's death; that they had implicit confidence and trust in each other. They purchased the property in their joint names, Holberg putting up the necessary cash, trusting appellee to pay his portion of the purchase price at some later date. The verbal agreement lasted for eleven years. No request was made of appellee for evidence of the indebtedness until he became seriously ill. Appellant's witnesses stated that Holberg had no written evidence, and it was not until then that a note was requested from appellee. No controversy arose until after Holberg's death, when appellant, as administrator of the latter's estate, brought this action.

The jury by their verdict found there was an agreement between the former partners. The issues presented by the conflict in the testimony hereinbefore noted were pure jury questions. The answers to these questions made by the jury cannot be disturbed by a court of review. What our conclusion may have been, had the matter been presented to us, is beside the point. Certainly we cannot find either that the verdict is not sustained by sufficient evidence. or that it is against the weight of the evidence.

Appellant contends the trial court erred in its general charge. This court is of opinion that the general charge is full and complete and more favorable to appellant than appellee.

Appellant requested the trial court to give to the jury eleven certain special charges. The court rejected seven. Among the special charges refused was charge No. 3, which states a correct proposition of law. However, the same principle of law was embodied in appellant's charge No. 3A, which the the court gave. No error, prejudicial to the appellant, therefore, intervened.

Appellant's special charge No. 4, which the court refused, does not state a correct rule of law.

The trial court refused appellant's special charge No. 5. It is asserted that the case of **White Co v Canton Transportation Co., 131 Oh St 190**, is an authority for the propriety of this charge. The facts in the instant case and those in the authority noted have no similarity. The interest after maturity became an obligation by operation of law. The contract between appellee and the decedent provided that such obligation created by law should not apply to the evidence of indebtedness given by appellee to decedent. There was no variation of the terms of the contract, but merely an elimination of the application of a principle of law.

Appellant's special charge No. 6 applies to the second defense, which was resolved in favor of appellant by instructions of the trial court.

Appellant's special charge No. 7 was properly refused, for the reason that the same is argumentative, and would have had a tendency to mislead the jury, in view of the fact that it was not necessary for the appellee to prove the reasonable value of the services rendered in consideration of the agreement not to charge interest after maturity, but only that they had some value.

As to appellant's special charge No. 7A, we are in doubt as to just exactly what appellant intended to state in the charge. In view of the evidence of this case, and what we have said before, the fact that other charges, given at the request of the appellant, covered what was probably intended by appellant to be covered by this charge, we do not consider the refusal to give this charge constituted error, prejudicial to the appellant.

As to appellant's special charge No. 9:— There is no evidence in the record sustaining proof of a demand by appellant's decedent of either principal or interest after the execution of the note. Aside from the consideration that the charge is argumentative and misleading, it would have been improper had the court given it, in view of the fact that it had no application to the facts in the case.

It is our conclusion, therefore, after a complete examination of the pleadings and the record that no error, prejudicial to the appellant, has intervened.

The judgment is therefore affirmed.

ROSS & HAMILTON, JJ, concur.